1 | V. ANDREW CASS
Nevada Bar No. 005246
2 | KRISTIN E. MEREDITH
Nevada Bar No. 011655
3 | **LEWIS BRISBOIS BISGAARD & SMITH LLP**
6385 South Rainbow Boulevard, Suite 600
4 | Las Vegas, Nevada 89118
(702) 893-3383
5 | FAX: (702) 893-3789
E-Mail: cass@lbbslaw.com
6 | E-Mail: meredith@lbbslaw.com
*Attorneys for Defendant,*
7 | *STATE FARM MUTUAL AUTOMOBILE*
*INSURANCE COMPANY*

8

**UNITED STATES DISTRICT COURT**

9

**DISTRICT OF NEVADA**

10

| | |
|---|---|
| SHONNIE SPRUELL, individually, | ) CASE NO. 2:11-cv-00570 |
| | ) |
| Plaintiff, | ) **STIPULATED CONFIDENTIALITY** |
| | ) **AGREEMENT AND PROTECTIVE** |
| v. | ) **ORDER** |
| | ) |
| STATE FARM MUTUAL AUTOMOBILE | ) |
| INSURANCE COMPANY, and DOES 1 | ) |
| through V, inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |

17    WHEREAS, the parties agree that certain information that is or may be sought by discovery

18 requests in this action may constitute trade secrets or other confidential research, development, or

19 commercial information within the meaning of FRCP 26(c)(1)(G);

20    WHEREAS, the parties, along with non-parties subjected to subpoena, may be asked to

21 produce certain documents and/or provide testimony that may reveal confidential, proprietary,

22 personal or commercially sensitive information, the disclosure of which would cause harm or

23 damage, and which should therefore be restricted;

24    WHEREAS, it has been agreed and stipulated by and among the parties to this litigation,

25 through their respective counsel, that the following Confidentiality Agreement and Protective Order

26 preserving the confidentiality of such documents and information should be entered by this Court;

27    WHEREAS, the Court finds that there is good cause to enter an order to protect the privacy

28 of the parties and non-parties involved with this litigation;

**LEWIS**
**BRISBOIS**
**BISGAARD**
**& SMITH LLP**

4819-3783-9113.1                                    -1-

1    IT IS HEREBY ORDERED THAT:

2    1.      This Confidentiality Agreement and Protective Order shall govern certain discovery and
3    document production among the parties, as well as discovery and document production from third
4    parties, in the above-referenced action.

5    2.      For purposes of this Confidentiality Agreement and Protective Order, the term "Confidential
6    Information" shall refer to: (1) information which any party or non-party believes in good faith to
7    be a trade secret or confidential research, development, commercial, or other proprietary business
8    information within the meaning of FRCP 26(c)(1)(G);; and (2) documents and/or testimony that
9    may reveal confidential, proprietary, personal or commercially sensitive information. Such
10   Confidential Information may be contained in any written, printed, recorded, or graphic matter of
11   any kind, and shall retain its confidential designation regardless of the medium on which it is
12   produced, reproduced, or stored. Such Confidential Information may also be elicited at deposition
13   or through written discovery.

14   3.      Whenever any party or non-party desires to designate information contained in a document
15   as Confidential Information, the designating party shall mark each page of the document with the
16   word "CONFIDENTIAL" and identify such Confidential Information at the time of production.
17   Confidential Information may be used in the course of depositions in accordance with this
18   Confidentiality Order.

19   4.      Transcripts or exhibits from any deposition or hearing shall be temporarily designated as
20   "Confidential" and be treated as subject to the terms of this Stipulation. Within forty-five (45) days
21   of receipt of such transcripts and exhibits, Counsel will designate the pages of the transcripts or
22   exhibits which shall remain designated as "Confidential" and will advise all other parties. If no
23   designation is made within forty-five (45) days, the entire transcript and all exhibits will be deemed
24   not confidential.

25   5.      For the purposes of conducting this litigation, Confidential Information may only be
26   disclosed to or discussed with the following persons:

27   / / /

28   / / /

**LEWIS**
**BRISBOIS**
**BISGAARD**
**& SMITH LLP**

4819-3783-9113.1                                    -2-

1      a)    The attorneys working on this matter on behalf of any party to this litigation and the

2      attorneys' employees, and consultants, experts or vendors retained by the attorneys to

3      provide services in connection with the litigation;

4      b)    Parties to this litigation;

5      c)    Deponents during the course of their depositions, provided, however, that such

6      information shall be entitled to a confidentiality designation when necessary; or

7      d)    The Court and Court officials involved in this matter (including court reporters, and

8      persons operating video equipment at depositions);

9      e)    Any member of the jury at trial;

10     f)    Any other person only with the prior written consent of the party which designated

11    the Confidential Information being disclosed.

12  6.    The parties shall only disclose or use Confidential Information for purposes of this litigation.

13  7.    Any person or entity to whom Confidential Information is disclosed or with whom

14 Confidential Information is discussed shall state his or her consent in writing (in the form of an

15 Acknowledgement, attached hereto as Exhibit A) to be bound by the terms of this Confidentiality

16 Agreement and Protective Order, subject to any further order this Court may enter.  Counsel

17 obtaining the Acknowledgement must provide a copy of the signed Acknowledgement to the Party

18 whose Confidential Information is disclosed.

19  8.    Any Confidential Information submitted or presented to, or filed with the Court shall not be

20 made available to persons other than the Court, and persons authorized by this Order.

21  9.    Any filing made with the Clerk of the Court, as such filing may be required or permitted by

22 the local rules of this Court, which contains or has attached to it Confidential Information, shall be

23 filed under seal and shall remain under seal (except that it may be unsealed for examination by the

24 Court as necessary).  For good cause shown, the Court may order that such filing or portions thereof

25 be unsealed.

26  10.   Any pleading filed with the Court may make general reference to information previously

27 designated as Confidential.  Should a party or non-party seek to include specific information

28 designated as Confidential in any pleading or exhibit attached thereto, however, said party or

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4819-3783-9113.1         -3-

1  non-party shall comply with the obligations contained in this Confidentiality Agreement and
2  Protective Order.

3  11.    When information designated as Confidential is challenged, any party may, after conferring
4  with opposing counsel in an effort in good faith to resolve the issues by agreement, move the Court
5  for a ruling that the documents or testimony designated as Confidential have not been properly
6  designated. Until such time as the Court rules on such motion, the parties shall treat the documents
7  and information as though they were properly designated.

8  12.    At the end of this litigation, the parties shall return all documents or deposition transcripts
9  containing Confidential Information, and all copies thereof. In the alternative, within 30 days after
10  the end of this litigation, any party in possession of documents or deposition transcripts containing
11  Confidential Information may shred or dispose of such documents or transcripts in a manner to
12  ensure the destruction thereof and provide the producing party with a declaration certifying such
13  destruction or disposal. For purposes of this Confidentiality Agreement and Protective Order, the
14  litigation is ended when all claims and defenses asserted by the parties are finally resolved through
15  litigation or settlement.

16  13.    This Confidentiality Agreement and Protective Order may only be amended or modified by
17  written agreement of the parties hereto and approved by this Court, or by order of this Court.

18  14.    This Confidentiality Agreement and Protective Order shall continue to be binding after the
19  conclusion of this litigation except that a party may seek the written permission of the Producing
20  Party or further order of the Court with respect to dissolution or modification of this Order. The
21  court shall retain jurisdiction to enforce or modify this Order.

22  15.    In any action or proceeding to enforce this Confidentiality Agreement and Protective Order,
23  or to seek damages for its breach, the prevailing party shall be entitled to recover its reasonable
24  attorneys' fees and costs, without limiting any other relief that may be available.

25  / / /
26  / / /
27  / / /
28  / / /

**LEWIS**
**BRISBOIS**
**BISGAARD**
**& SMITH LLP**

4819-3783-9113.1                                          -4-

1    16.    This Agreement shall be interpreted and construed in accordance with and be governed by the

2    laws of the State of Nevada.

3    Submitted by:

4         Dated this _6_ day of June, 2011.

5                        LEWIS BRISBOIS BISGAARD & SMITH LLP

6

7                        By _____
                        V. ANDREW CASS
8                        Nevada Bar No. 005246
                        KRISTIN E. MEREDITH
9                        Nevada Bar No. 011655
                        6385 South Rainbow Boulevard, Suite 600
10                       Las Vegas, Nevada 89118
                        *Attorneys for Defendant State Farm*
11
         Dated this _6_ day of June, 2011.
12
                        ROYAL JONES MILES DUNKLEY & WILSON
13

14                       By _____
15                       MATTHEW S. DUNKLEY
                        Nevada Bar No. 006627
16                       1522 W. Warm Springs Road
                        Henderson, NV 89014
17                       *Attorneys for Plaintiff Shonnie Spruell*

18   **IT IS SO ORDERED.**

19        Dated this 8th day of June, 2011.

20

21

22                       _____
                        U.S. DISTRICT JUDGE
23                       UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP        4819-3783-9113.1

1

## EXHIBIT A

2

## ACKNOWLEDGMENT OF RECEIPT AND AGREEMENT TO COMPLY WITH

3

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

4       The undersigned hereby acknowledges that he/she has been provided with a copy of the

5   parties' STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER in the

6   lawsuit captioned Shonnie Spruell v. State Farm Mutual Automobile Insurance Company, et. al.

7   (United States District Court Case No. 2:11-cv-00570). The undersigned agrees to be bound by the

8   terms of the referenced STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE

9   ORDER in the same manner as Plaintiff, Defendant and their attorneys.

10       DATED this _____ day of _____, 2011.

11

12                                  By  _____
                                            Litigation Participant
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LEWIS
BRISBOIS
BISGAARD
& SMITH LLP**

4819-3783-9113.1